UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                         :

**QUIN ZHAO**,

                             Petitioner,      :

                                           :

              – against –              :   **MEMORANDUM DECISION AND ORDER**

                                           :

**KENNETH GENALO,** in his official capacity     26-CV-2410 (AMD)
as Field Office Director of Immigration and
Customs Enforcement, Enforcement and        :
Removal Operations; **ANTHONY J.
LAROCCO,** in his official capacity as in       :
Nassau County Sheriff; **MARKWAYNE
MULLIN,** in his official capacity as Secretary of   :
the U.S. Department of Homeland Security;
**TODD BLANCHE,** in his official capacity as    :
Acting Attorney General of the United States;
**EXECUTIVE OFFICE FOR**                   :
**IMMIGRATION REVIEW**,

                             Respondents.      :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On April 22, 2026, the Nassau County Police Department arrested the petitioner in

Hempstead, New York and held her in custody.  (ECF No. 1 ¶ 53; ECF No. 3 at 1–2.)  The

petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"),

and is currently detained at 26 Federal Plaza in Manhattan.  (ECF No. 1 ¶ 53; ECF No. 3 at 2.)[1]

The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  (ECF No. 1 ¶ 9.)

The Court grants the petition, as explained below.

---

[1] The petitioner was detained in Nassau County when she filed the petition.  (ECF No. 1 ¶ 53; ECF No. 3 at 2.)

1

The 41-year-old petitioner came to the United States from China in March 2023.  (ECF No. 1 ¶¶ 18, 52; *id.* at 28.)  She has a pending application for asylum and withholding of removal, and was previously released from custody on recognizance pursuant to Section 236 of the Immigration and Naturalization Act ("INA").  (*Id.* ¶¶ 48, 57.)[4]  She is authorized to work in the United States and has a steady job.  (*Id.* ¶¶ 55, 57.)

After ICE took the petitioner into custody on April 22, 2026, she was detained at the East Meadow Detention Facility in Nassau County.  (*Id.* ¶ 53.)  The same day, her counsel filed a petition for habeas relief.  (*Id.*)  On April 23, 2026, the Court ordered the government to show cause why the petition should not be granted.  (*ECF Order dated Apr. 23, 2026.*)[5]  The government responded to the order to show cause on April 27, 2026.  (ECF No. 3.)

## LEGAL STANDARD

A district court is authorized to grant a writ of habeas corpus under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'"  *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)).  "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens

---

[2] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits.  *See Hyppolite v. Noem*, 808 F. Supp. 3d 474, 479 n.1 (E.D.N.Y. 2025); *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 402 n.1 (S.D.N.Y. 2025).

[3] The Court has reviewed all the submissions and finds that the petition "present[s] only issues of law."  28 U.S.C. § 2243.  Accordingly, the Court can decide the petition without a hearing.  *See id.* (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba v. Francis*, 813 F. Supp. 3d 394, 397 n.1 (S.D.N.Y. 2025).

[4] Section 236 of the INA is codified at 8 U.S.C. § 1226.

[5] The Court also ordered the government not to remove the petitioner from the United States or transfer her out of the Eastern District of New York during the pendency of these proceedings.  (*See ECF Order dated Apr. 23, 2026*.)  After the petitioner filed the petition, but before the Court entered the Order, the petitioner was transferred to 26 Federal Plaza in Manhattan.  (ECF No. 3 at 2.)

challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**DISCUSSION**

In seeking a writ of habeas corpus, the petitioner alleges that the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) ("Section 1225") does not apply to her, because she had already entered and was residing in the United States when she was arrested. (ECF No. 1 ¶ 45.) Instead, she argues that 8 U.S.C. § 1226 ("Section 1226") applies, and that her ongoing detention violates the INA and due process. (*Id.* ¶¶ 60–63, 68–74).[6] The government responds that Section 1225 governs people like the petitioner, although it concedes that this Court has rejected that reasoning, as have many other courts in this circuit. (ECF No. 3 at 3.)[7]

One day after the government filed its response, the Second Circuit also rejected the government's reasoning. *See generally Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). In *Cunha*, the government asserted that Cunha, a non-citizen asylum seeker who had been in the United States for over twenty years, was subject to mandatory detention under Section 1225. *Id.* at *1–2. In affirming the district court's grant of habeas relief, the Second Circuit held that "Section 1226(a) governs detention of noncitizens like Petitioner," and

---

[6] The petitioner also claims that her ongoing detention violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. (ECF No. 1 ¶¶ 64–67.)

[7] In its opposition, the government acknowledged that the Court's decision in *Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025) "would control the result in this case if the Court adheres to it, because, as in that case, ICE's detention of the Petitioner in this case is based on ICE's position as to the scope of 8 U.S.C. § 1225(b)(2)(A), and the Court rejected that position in *Ye*." (ECF No. 3 at 3.) In *Ye*, the Court held that Section 1225 did not apply to a noncitizen like the petitioner, who had been living in the United States while his asylum application was pending, that his detention could only be authorized if ICE complied with 8 U.S.C. § 1226(a), and that the petitioner's detention violated his due process rights. *Ye*, 2025 WL 3521298, at *6–8 (E.D.N.Y. Dec. 8, 2025).

that "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Id.* at *2. Accordingly, non-citizens like Cunha are entitled to a bond hearing. *Id.* at *3.

That reasoning controls in this case. The petitioner has been in this country for more than three years, is authorized to work here, and is seeking asylum. Under Section 1226(a) — which is the applicable statute under *Cunha* — she is entitled to a bond hearing. Since April 22, 2026, the government has detained the petitioner without due process, in violation of her rights under the Fifth Amendment. *See Ye*, 2025 WL 3521298, at *6–8. The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles her to immediate release.

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. §2241 is granted. The government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government must release the petitioner without any conditions, including electronic monitoring.[8] The government is further directed to return to the petitioner any and all funds or property seized from the petitioner at the time of arrest. The government is directed to certify compliance with the Court's Order by filing a letter on the docket no later than 12:00 p.m. on April 30, 2026. The Court further orders that the petitioner must not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a

---

[8] The petitioner is entitled to "restoration of the status quo ante." *Blandon v. Maldonado*, No. 26-CV-1669, 2026 WL 790910, at *6 (E.D.N.Y. Mar. 21, 2026) (citation modified). There is no evidence in the record that the petitioner was subject to electronic monitoring before she was detained. Accordingly, the government must release the petitioner "without any release conditions, including but not limited to any electronic monitoring, such as GPS monitoring." *Id.*; *see also Menjivar Giron v. Genalo*, No. 26-CV-01714, 2026 WL 809965, at *6 (E.D.N.Y. Mar. 24, 2026).

neutral decisionmaker, where the government will have the burden of showing that her detention is authorized under 8 U.S.C. § 1226(a). The deadline for the petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is May 29, 2026.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is granted. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
   April 29, 2026